UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLARD WILL BEE LAWSON,

    Plaintiff,

        v.                                    CAUSE NO. 3:17CV858-PPS/MGG

BRYANT BYLER, et al.,

    Defendants.

## OPINION AND ORDER

Willard Will Bee Lawson, proceeding without the benefit of counsel, filed a complaint alleging that two officers of the Elkhart City Police Department subjected him to excessive force following his arrest on April 17, 2017, and that another officer failed to intervene on his behalf. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lawson alleges that, after his April 17, 2017, arrest, while being transported to the Elkhart County Jail, Officer Bryant Byler pulled his patrol car over, exited the vehicle, opened the back door, punched him in the face, and choked him - all while he

was handcuffed. An unnamed female officer then arrived and hobble tied Lawson's legs together. Officer Byler and the unknown officer then removed Lawson from the car, causing him to slam into the concrete. They then stomped on him or slammed his head and face into the concrete. Lawson lost two teeth and suffered a broken nose and several lacerations and bruises. These allegations state a claim. However, as a practical matter Lawson's case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). As explained below, Lawson will have the opportunity to conduct discovery in order to determine the identity of the unknown officer and, if he discovers the unknown officer's name, he may seek leave to file an amended complaint that includes the unknown officer's name.

Lawson also alleges that Officer Jonathan Bontrager failed to intervene on his behalf. Lawson's allegations against Bontrager are based on Bontrager's police report, which merely confirms that there was an altercation between Lawson and Officer Byler. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Here, it is unclear where Officer Bontrager was located when the altercation between Lawson and Officer Byler took place, or that he had a realistic opportunity to intervene. Therefore, I will dismiss this claim.

Additionally, Lawson has sued the Elkhart City Police Department. To pursue a claim under Section 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). However, Lawson does not challenge any policy or practice of the Elkhart City Police Department. Moreover, in the City of Elkhart, the mayor supervises and controls the police department and appoints the department head. Elkhart Ordinance § 31.001, available at http://www.amlegal.com/codes/client/elkhart_in/. Because the Elkhart City Police Department has no separate legal existence from the City of Elkhart, the police department is not a suable entity. *See Fain v. Wayne Cty. Auditor's Office*, 388 F.3d 257, 261 (7th Cir. 2004); *Argandona v. Lake Cty. Sheriff's Dep't*, 2007 WL 518799, at *3 (N.D. Ind. 2007).

ACCORDINGLY, the court:

(1) GRANTS Willard Will Bee Lawson leave to proceed against Bryant Byler in his individual capacity for compensatory and punitive damages for using excessive force against him on April 17, 2017, in violation of the Fourth Amendment;

(2) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Bryant Byler at the Elkhart Police Department with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(3) DISMISSES all other claims;

(4) DISMISSES Officer Jane Doe, Jonathan Bontrager, and the Elkhart City Police Department; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Bryant Byler respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 8, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT